LAW OFFICE OF THOMAS K. BOURKE
Thomas K. Bourke (SBN 56333)
Talltom2@aol.com
601 West Fifth Street, Eighth Floor
Los Angeles, CA 90071-2094
Telephone: (213) 623-1092
Facsimile: (213) 623-5325
Attorneys for Creditor Thomas K. Bourke

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE MIA JEONG, Debtor | Case No. 2:13-BK-26015-BR |
| | Chapter 7 |
| ──────────────────── | ADV  Case No. 2:13-ap-01942-BR |
| THOMAS K. BOURKE, Adversary Plaintiff, | **ADVERSARY PLAINTIFF THOMAS K. BOURKE'S NOTICE OF MOTION AND MOTION TO COMPEL DISCLOSURE AND DISGORGEMENT OF FEES** |
| vs. | |
| MIA JEONG Adversary Defendant. | Date:          To be announced |
| | Time:          10:00 a.m. |
| | Courtroom:     1668 |
| | Hon. Barry Russell |

*Law Office of Thomas K. Bourke*
Los Angeles

-1-

TO MIA JEONG AND HER ATTORNEYS OF RECORD

Please take notice that on at date and time to be announced in Courtroom 1668 at the above-titled Court located at 255 E. Temple Street, Los Angeles, California, Creditor Thomas K. Bourke hereby moves this Court for an order compelling Dheeraj Singhal and Mia Jeong to disclose to the Court and Creditor Thomas K. Bourke within 14 days under oath full details of all legal fees and sources of fees paid and agreed to be paid (including post-petition fees and fee agreements) over and above the amount disclosed in the original Petition, and to order Dheeraj Singhal and his firm DCDM Law Group, LP to disgorge all fees paid and deposit them with the Registry of the Court within 14 days for the Court to decide whether to award them to Bourke, the Chapter 7 Trustee, the U.S. Trustee, Mia Jeong, Mia Jeong's in-laws who made some of the payments, or to the Court for some other further distribution.

The deadline for serving a written response or opposition is not later than 14 days before the hearing, *i.e.*, 14 days before the date selected for hearing by the Court.  CD CA LBR 9013-1(c)(2), LBR 9013-1(f).

This motion is based on the grounds that in violation of Bankruptcy Code § 329(a), and Bankruptcy Rules 2016 and 9011, Dheeraj Singhal and Mia Jeong have failed to update the materially misleading disclosures as to fees in her original Petition, despite having notice from Bourke as to the law requiring disclosure and the Court form requiring disclosure.

This motion is based on the further ground that the bankruptcy court may also impose sanctions under its "inherent authority" for abuse

Law Office of Thomas K. Bourke

Los Angeles

1    of the judicial process, upon a showing and finding of bad faith, and that

2    the fees paid are unreasonable given the utter lack of disclosure in Mia

3    Jeong's Schedules of material facts that had to be disclosed.

4        This motion is based on this Notice, the accompanying Declaration

5    of Thomas K. Bourke, the papers and records on file with the Court in

6    this action, and such argument and evidence that may be presented on

7    the hearing of this Motion.

8

9    Dated:  August 9, 2015            Law Office of Thomas K. Bourke

10

11                                     By:  _____/s/_____

12                                          Thomas K. Bourke

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Adversary Plaintiff Bourke's motion to compel disclosure and disgorgement of fees

Law Office of Thomas K. Bourke
Los Angeles

# Table of Contents

I.   Issue.........................................................................................................1

II.  Facts (post-petition change in scope of services rendered,
     agreement to pay fees, fees paid, dates paid, and persons
     paying *not disclosed*)..........................................................................1

III. Law (disclosure of details of fees is *required and is a
     continuing duty*)...............................................................................1

     A.   The law requires disclosure of attorney compensation that is
          *prompt and comprehensive*..........................................................1

     B.   The duty of disclosure is a continuing one and attorneys must
          *supplement prior disclosures*.......................................................7

     C.   Courts can award dislodgement of fees, including *discretion
          as to whom the fees are disgorged*..............................................12

IV.  Conclusion. ...............................................................................13

Law Office of Thomas K. Bourke
Los Angeles

# Table of Authorities

**Cases**

*Clements v. Early (In re Church),* 438 B.R. 334 (N.D.Ala. 2010) ......... 2

*Hale v. United States Trustee (In re Basham)*, 208 B.R. 926 (9th
Cir. BAP 1997) .......................................................................... 8

*Henderson v. Kisseberth (In re Kisseberth),* 273 F.3d 714 (6th
Cir. 2001) ................................................................................. 8

*In re Arlan's Dept. Stores, Inc.,* 615 F.2d 925 (2d Cir. 1979) .............. 10

*In re Basham, Byrne v. Hale*, 208 B.R. 926 (9th Cir. B.A.P.
1997). ....................................................................................... 8

*In re Chez*, 441 B.R. 724 (Bankr. D.Conn. 2010) ............................... 11

*In re CK Liquidation Corp.,* 343 B.R. 376 (D.Mass. 2006) ................... 5

*In re Downs*, 103 F.3d 472, 478-79 (6th Cir. 1996) .............................. 2

*In re Exxon Valdez,* 142 F.R.D. 380 (D.D.C. 1992) ............................. 13

*In re Fair*, 2016 WL 3027264 (Bankr. N.D.Tex. May 18, 2016) ......... 12

*In re Film Ventures Int'l, Inc.,* 75 B.R. 250 (9th Cir. BAP 1987) ....... 13

*In re Fraga,* 210 B.R. 812 (9th Cir. B.A.P. 1997) .................................. 3

*In re Grant,* 14 B.R. 567 (Bankr. S.D.N.Y. 1981) ............................... 9

*In re Jore Corp.*, 298 B.R. 703 (Bankr. D. Mont. 2003) ....................... 13

*In re Laferriere,* 286 B.R. 520 (Bankr. D.Vt. 2002) ........................... 10

*In re Meyer*, 2016 WL 3251622 (Bankr. N.D.Ohio June 6, 2016) ........ 8

*In re Wagers,* 514 F.3d 1021 (10th Cir. 20017) .................................... 5

*In re Waldo,* 417 B.R. 854 (Bankr. E.D.Tenn. 2009) ........................... 4

*In re Walters,* 868 F.2d 665 (4th Cir. 1989) ......................................... 9

*In re Whaley,* 282 B.R. 38 (Bankr. M.D.Fla. 2002) ........................... 7, 8

*In re Wood,* 408 B.R. 841 (Bankr. D.Kan. 2009) .................................. 10

*Jensen v. U.S. Trustee (In re Smitty's Truck Stop, Inc.),* 210

Adversary Plaintiff Bourke's motion to compel disclosure and disgorgement of fees

Law Office of Thomas K. Bourke
Los Angeles

Law Office of Thomas K. Bourke
Los Angeles

B.R. 844 (10th Cir. BAP 1997) ................................................ 3

*Lamie v. United States Tr.,* 540 U.S. 526 (2004) ...................... 3

*Law Offices of Nicholas A. Franke v. Tiffany (In re Lewis),* 113
    F.3d 1040 (9th Cir. 1997) ............................................. 2, 9

*Matter of Kero-Sun Inc.,* 58 B.R. 770 (Bankr. D.Conn. 1986) ............. 10

*Matter of Prudhomme,* 43 F.3d 1000 (5th Cir. 1995) ..................... 10

*Matter of] Futuronics Corp.,* 655 F.2d 463 (2d Cir. 1981) .............. 10

*McMullen v. Schultz,* 428 B.R. 4 (D.Mass. 2010) ........................ 6

*McTyeire v. Hunt (In re McTyeire),* 357 B.R. 898 (Bankr.
    M.D.Ga. 2006) ....................................................... 6

*Park-Helena Corp.,* 63 F.3d 877 (9th Cir. 1995) ....................... 3

*Pennwalt Corp. v. Durand-Wayland, Inc.,* 708 F.2d 492 (9th
    Cir. 1983) .......................................................... 13

*Snyder v. Dewoskin (In re Mahendra),* 131 F.3d 750 (8th Cir.
    1997) ............................................................... 10

*Woods v. City Nat'l Bank & Trust Co.,* 312 U.S. 262 (1941) ............ 11

**Statutes**

Bankruptcy Code § 329 ............................................... 5, 7, 9

**Other Authorities**

Form B203-Disclosure of Compensation of Attorney for Debtor ............ 1

United States Trustee, Central District of California, Guide to
    Applications For Retainers, and Professional And Insider
    Compensation ("Compensation Guide") .............................. 4, 6

**Rules**

Bankruptcy Rule 9011 ................................................. 12

Rule 2016(b) of the Federal Rules of Bankruptcy Procedure ............ 5, 7

**Treatises**

Adversary Plaintiff Bourke's motion to compel disclosure and disgorgement of fees

Alan N. Resnick & Henry J. Sommer, *Collier on Bankruptcy*..........7, 9

Kathleen P. March, Esq., Judge Alan M. Ahart (Ret.) and Janet

   A. Shapiro, *California Practice Guide: Bankruptcy* (The

   Rutter Group 2016 on-line ed.) ................................................................4

-iii-

Law Office of Thomas K. Bourke
Los Angeles

**Memorandum of Points and Authorities**

### I.    Issue

Bankruptcy law requires full disclosure of the legal fees paid and agreed to be paid.  The duty is a continuing one.  Mia Jeong and her attorney failed to make these disclosures.  Should this Court order full disclosure and disgorgement as a sanction?

### II.    Facts (post-petition change in scope of services rendered, agreement to pay fees, fees paid, dates paid, and persons paying *not disclosed*).

In this case, Mia Jeong and Dheeraj Singhal have misrepresented the nature of legal services to be rendered and omitted disclosure of all fees paid and agreed to be paid for all services defending this adversary proceeding.  See Bourke Declaration ¶¶ 1-8, Exhibit 8, Exhibit 1.  This is true even though Bourke advised Dheeraj Singhal of the law and the required form to be filed.  *Id*. at ¶¶ 9-13, Exhibit 2.

Mr. Singhal is an experienced bankruptcy practitioner with 12-15 years' experience, and has had three years to supplement the disclosures over the significant post-petition fees that he has received, and the fee agreements entered into post-petition as to this adversary action not covered by his initial retainer, which disclaimed any services related to dischargeability actions.  *Id*. ¶¶ 2-6, 13-17, Exhibit 1.

### III.    Law (disclosure of details of fees is *required and is a continuing duty*).

### A.    The law requires disclosure of attorney

Law Office of Thomas K. Bourke
Los Angeles

Law Office of Thomas K. Bourke
Los Angeles

1  |  **compensation that is *prompt and***

2  |  ***comprehensive.***

3  Courts have "a need and a right" to full, unfettered disclosure of all

4  fee and financial arrangements between debtors and their

5  attorneys. *Clements v. Early (In re Church),* 438 B.R. 334, 343 (N.D.Ala.

6  2010) ("The disclosure process is 'not to be taken lightly nor easily

7  dismissed.'") (citing *In re New England Caterers, Inc.,* 115 B.R. 724, 728

8  (Bankr. D.Mass. 1989) ("It is the legal responsibility of debtors' counsel

9  to report pre- and post-petition fees," and docking fees 50% because of

10  "the inexcusable lack of candor in breach of its fiduciary duty to the

11  Court."); *In re Downs*, 103 F.3d 472, 478-79 (6th Cir. 1996) (affirming a

12  bankruptcy judge's sanctions and denying all fees to a bankruptcy

13  attorney who failed to disclose his compensation arrangement with the

14  debtor as required by 11 U.S.C. § 329).

15  Significantly, *In re Downs* reversed the bankruptcy court's order of

16  disgorging only $20,000 of the fees, stating:

17  "the bankruptcy court ***should deny all compensation*** to an

18  attorney who exhibits ***a willful disregard*** of his fiduciary

19  obligations to fully disclose the nature and circumstances of

20  his fee arrangement under § 329 and Rule 2016.  The

21  authority to do so is inherent, and in the face of such

22  infractions ***should be wielded forcefully*.**"  *Id*. at 479

23  (emphasis added).

24  Like the attorney in *In re Downs*, Dheeraj Singhal, by his conduct

25  in these proceedings, demonstrated a "callous disregard" for his

26  fiduciary duties to this Court.

27  Ninth Circuit law is in accord.  *Law Offices of Nicholas A. Franke*

28  *v. Tiffany (In re Lewis),* 113 F.3d 1040, 1045 (9th Cir. 1997) (concluding

-2-

1   that "[a]n attorney's failure to obey the disclosure and reporting

2   requirements of the Bankruptcy Code and Rules gives the bankruptcy

3   court the discretion to order disgorgement of attorney's fees," amounting

4   to $37,000—even without deciding reasonableness of fees); *Park-Helena*

5   *Corp.,* 63 F.3d 877, 882 (9th Cir. 1995) (affirming $74,497.30

6   disgorgement of retainer paid by undisclosed source, stating: "Counsel's

7   fee revelations must be direct and comprehensive.  Coy, or incomplete

8   disclosures . . . are not sufficient,' " so "Even a negligent or inadvertent

9   failure to disclose fully relevant information [in a Rule 2016 statement]

10  may result in a denial of all requested fees."); *In re Fraga,* 210 B.R. 812,

11  822 (9th Cir. B.A.P. 1997) (opinion by RUSSELL, Bankruptcy Judge)

12  (affirming disgorgement order, stating "The consequences of an

13  attorney's violation of the disclosure requirements regarding fees

14  include . . . disgorgement of fees already received").

15      See also *Jensen v. U.S. Trustee (In re Smitty's Truck Stop, Inc.),*

16  210 B.R. 844, 849 (10th Cir. BAP 1997) (affirming disgorgement, stating

17  that an attorney's failure to disclose a $5,000 retainer in his Rule

18  2016(b) statement is sufficient to deny all fees, even if the non-disclosure

19  was negligent or inadvertent);

20      While this motion first seeks the required disclosure, Rule 2017(a)

21  indicates that the court may, on the motion of a party or its own

22  initiative, determine whether an attorney received an "excessive" fee for

23  bankruptcy-related services.

24      *Lamie v. United States Tr.,* 540 U.S. 526 (2004), ruled that an

25  attorney for a chapter 7 debtor may not be compensated *from the*

26  *estate* unless employed by the trustee with the approval of the

27  bankruptcy court.

28

As the Rutter Group Treatise recognized, *Lamie creates a problem for post-petition services* since "Debtor's counsel in a Chapter 7 case cannot be compensated from the estate unless employed by the Chapter 7 trustee and the employment is approved by the court. [11 USC § 330(a)(1); *Lamie . . .*]" and therefore "This issue may arise . . . where counsel to a Chapter 7 debtor is not paid 'up front' (i.e., prepetition) for representing the debtor postpetition."  Kathleen P. March, Esq., Judge Alan M. Ahart (Ret.) and Janet A. Shapiro, *California Practice Guide: Bankruptcy* (The Rutter Group 2016 on-line ed.) ¶ 4:759. See also ¶¶ 4:836 and 4:836.1.

The U.S. Trustee *requires* that all post-petition retainers be disclosed to it and the 20 largest unsecured creditors—which Dheeraj Singhal did not do.[1]

Here the timing and amount of disclosure of payments by Mia Jeong need to be disclosed to ascertain whether they came from rent on her four properties that belonged to the estate.  An attorney cannot collect part of a "retainer" after the petition is filed without first being retained by the estate.  *See In re Waldo,* 417 B.R. 854 (Bankr. E.D.Tenn. 2009) (attorney's receipt of post-dated checks to be cashed post-petition for payment of fees was impermissible, and because ***the Compensation Disclosures*** did not "accurately reflect the . . . terms of employment," disgorgement was mandated, thus since careful scrutiny of fees provides "protection to debtors ***and creditors***" ).  *Id.* at 892-893 (emphasis added).

Likewise, attorneys who take a *security retainer* prior to the filing

---

[1]  United States Trustee, Central District of California, Guide to Applications For Retainers, and Professional And Insider Compensation ("Compensation Guide")(April 2008) https://www.justice.gov/sites/default/files/ust-regions/legacy/2011/07/13/ch11_guide_insider_compensation.pdf

Law Office of Thomas K. Bourke

Los Angeles

1   of a chapter 7 may also run into problems given that the funds are still

2   property of the estate. *In re Wagers,* 514 F.3d 1021, 1029-1030 (10th

3   Cir. 20017) (forfeiting $50,000 fee because "The Firm may not use pre-

4   petition funds to pay its post-petition fees"); *In re CK Liquidation*

5   *Corp.,* 343 B.R. 376, 384 (D.Mass. 2006) (in case converted from Chapter

6   11 to Chapter 7, refusing to award debtor's attorney $54,556.50 for post-

7   petition services compensable from estate funds because attorney was

8   no longer authorized under § 327 .

9       Bankruptcy Code § 329 provides as follows:

10      "(a) ***Any attorney representing a debtor in a case under***

11      ***this title, or in connection with such a case***, whether or

12      not such attorney applies for compensation under this title,

13      ***shall file with the court a statement of the***

14      ***compensation paid or agreed to be paid***, if such payment

15      or agreement was made after one year before the date of the

16      filing of the petition, for services rendered or to be rendered

17      in contemplation of or in connection with the case by such

18      attorney, ***and the source of such compensation***."

19      (Emphasis added.)

20      Rule 2016(b) of the Federal Rules of Bankruptcy Procedure

21  provides as follows:

22      *"Disclosure of Compensation Paid or Promised to*

23      *Attorney for Debtor.* ***Every attorney for a debtor, whether***

24      ***or not the attorney applies for compensation, shall file***

25      ***and transmit*** to the United States trustee within 14 days

26      after the order for relief, or at another time as the court may

27      direct, the statement required by § 329 of the Code including

28      whether the attorney has shared or agreed to share the

Law Office of Thomas K. Bourke

Los Angeles

compensation with any other entity.  The statement shall include the particulars of any such sharing or agreement to share by the attorney, but the details of any agreement for the sharing of the compensation with a member or regular associate of the attorney's law firm shall not be required.  ___**A supplemental statement shall be filed and transmitted to the United States trustee within 14 days after any payment or agreement not previously disclosed**___."

(Emphasis added.).

Fee-disclosure directives contained in the Bankruptcy Code and Rules are mandatory and "require '___**direct and comprehensive' disclosures.**___"  *McTyeire v. Hunt (In re McTyeire),* 357 B.R. 898, 904-905 (Bankr. M.D.Ga. 2006) (disgorging all fees since "if the Court does not have all the information about the fee, it cannot make an informed decision," and frustrates "the Code's policy of thorough scrutiny") (emphasis added).  *See also McMullen v. Schultz,* 428 B.R. 4, 13 (D.Mass. 2010) (reversing bankruptcy judge for "failing to reduce materially the total fees awarded to Att'y Schultz in light of his acknowledged improprieties," and "his manifest failure to comply with the disclosures required by Fed. R. Bankr.P.2016, despite [the judge's] conclusion that the attorney's omissions were 'not inconsiderable,'" *e.g.,* omitting "the source of her retainer payments,"  and ordering bankruptcy judge to penalize attorney $60,000 portion of fees sought, since "[F]ull and timely disclosure of ___**the details of a fee arrangement is mandatory**___." (emphasis added, internal quotation marks omitted)).

Compliance with fee disclosure obligations imposed upon a debtor's attorney is ___**particularly necessary to the administration and disposition of Chapter 7 cases**___ because those cases involve a

1  voluminous number of relatively small individual cases.  *Cf. In re*

2  *Whaley,* 282 B.R. 38 (Bankr. M.D.Fla. 2002) (ordering attorney to

3  disgorge all undisclosed fees since attorneys who fail to disclose

4  compensation "should suffer strict and quick consequences that could

5  include the imposition of sanctions or the disgorgement of all fees paid

6  in the case").  *Whaley* also cited a House Report stating that "payments

7  to a debtor's attorney provide serious potential for evasion of ***creditor***

8  ***protection provisions*** of the bankruptcy laws."  *Id*. at 41 (emphasis

9  added).

10

11    **B.    The duty of disclosure is a continuing one and**

12           **attorneys must *supplement prior disclosures.***

13  "The duty of disclosure imposed by Rule 2016(b) is a continuing

14  one.  If a debtor's attorney subsequently receives funds, the attorney

15  must make the required disclosure by ***supplementing any prior***

16  ***disclosure***."  9 *Collier on Bankruptcy* ¶ 2016.17, at 2016-20 (emphasis

17  added).

18         "Attorneys who represent a debtor in a bankruptcy case

19    or in connection with such a case ***must timely*** file with the

20    court a statement of the compensation paid or agreed to be

21    paid for services rendered or to be rendered.  *See* 11 U.S.C. §

22    329(a); Fed. R. Bankr.P.2016(b).  If the representation does

23    not occur until later in the debtor's bankruptcy case, Rule

24    2016(b) requires that a supplemental statement be filed and

25    transmitted to the United States trustee ***within fourteen***

26    ***days*** after any payment or agreement not previously

27    disclosed.  ***Failure to timely file such a disclosure may***

28    ***be grounds for disapproving or requiring disgorgement***

1    *of any attorney's fees*.  *See Henderson v. Kisseberth (In re*

2    *Kisseberth),* 273 F.3d 714, 721 (6th Cir. 2001)."  *In re Meyer*,

3    2016 WL 3251622, at *2 (Bankr. N.D.Ohio June 6, 2016)

4    (emphasis added).

5    *Whaley*, *supra*, discussed the policy reasons and cited case law in

6    the Ninth Circuit to this effect:

7         "Disclosure of attorney compensation ***provides notice***

8    ***to all parties in interest*** of payments made by the debtor

9    and ***gives interested parties the opportunity to object*** to

10   any unreasonable fees paid to any particular attorney.  *Hale*

11   *v. United States Trustee (In re Basham*), 208 B.R. 926, 931

12   (9th Cir. BAP 1997).  ***The system only works if debtors'***

13   ***attorneys disclose all payments received from the***

14   ***debtors automatically and without reminding***.

15   Disclosure is mandatory, not permissive.  [*In re Basham,*

16   *Byrne v. Hale,*] 208 B.R. [926] at 931 [(9th Cir. B.A.P. 1997)].

17   Again, the duty to disclose extends not only to the initial

18   payments received by the debtor's attorney but also to ***all***

19   ***undisclosed payments made to the attorney at anytime,***

20   ***either before or after the case is filed***."  *In re Whaley*,

21   *supra*, 282 B.R. 38, 41 (emphasis added).

22   *Whaley* also rejected the concept of a midnight confession, followed

23   by a do-over:

24        "***Mr. Baron belatedly offers to formally disclose these***

25   ***unreported payments.  His offer comes too late***.  The

26   intentional failure to timely disclose fees received cannot

27   later be cured by filing a statement of compensation,

28

Law Office of Thomas K. Bourke
Los Angeles

1    ***particularly after a party in interest***, such as the trustee

2    in this case, ***objects***.  If every attorney waited until he or she

3    was caught to file a statement of disclosure, the entire

4    concept of ***mandatory disclosure would become a farce***.

5    Professionals could breach the disclosure rules with impunity

6    because no consequences would follow for noncompliance.

7    For these reasons, Mr. Baron cannot now file a statement of

8    compensation." *Id.* at 42.

9        In *In re Lewis*, *supra*, 113 F.3d at 1045, the Ninth Circuit affirmed

10   a $37,000 disgorgement order against an attorney seeking to "avoid the

11   stringent controls on post-petition retainers," and reiterated the point:

12       "A bankruptcy court must be certain that an attorney who

13       has filed a Rule 2016(b) statement ***will supplement that***

14       ***statement if further compensation is received***."

15   (Emphasis added.)

16       *Lewis* cited *In re Walters,* 868 F.2d 665, 668 (4th Cir. 1989), with

17   approval for noting that § 329 is designed to protect not only the debtors,

18   but ***the creditors*** against overreaching by attorneys.  *Id.* at 1045.

19       It is ultimately for the court to decide whether or not the

20   compensation is reasonable under Section 329(b).  "What constitutes

21   reasonableness is a question of fact to be determined by the particular

22   circumstances of each case.  The requested compensation may be

23   reduced if the court finds that the work done of poor quality."  3 Alan N.

24   Resnick & Henry J. Sommer, *Collier on Bankruptcy* ¶ 329.04 [1], at 329–

25   14 (16th ed. 2010) ("*Collier on Bankruptcy*").  In determining the

26   reasonableness of a given fee, the court should consider factors including

27   the "competence of the performance" and the "nature of the services."  *In*

28   *re Grant,* 14 B.R. 567, 569 (Bankr. S.D.N.Y. 1981). "Once a question of

the reasonableness of counsel's fees is raised by a party in interest bringing a motion, the attorney bears the burden of proving his fee was reasonable." *In re Wood,* 408 B.R. 841, 848 (Bankr. D.Kan. 2009); *see also Snyder v. Dewoskin (In re Mahendra),* 131 F.3d 750, 757 (8th Cir. 1997).

*In re Laferriere,* 286 B.R. 520, 526-27 (Bankr. D.Vt. 2002), disgorged "all fees" in a Chapter 7 case, finding "slipshodness" and "simply forgetting" were not valid excuses, stating that:

"***Complete disclosure is mandated under the Bankruptcy Code and Rules*** and failing to meet those disclosure requirements with ***total candor*** can result in severe consequences. 'Indeed, it has long been the practice in [the Second Circuit] to deny compensation to ***counsel who fail to comply with the disclosure provisions***....' [*Matter of*] *Futuronics* [*Corp.*], 655 F.2d [463,] 469 [ (2d Cir.1981) ]; *see also* [*Matter of*] *Kero-Sun* [*Inc.*], 58 B.R. [770], 779 [ (Bankr.D.Conn.1986)] (finding attorney's violation of disclosure requirements, *inter alia,* warranted ordering the disgorgement of fees not reported); [*Matter of*] *Prudhomme,* 43 F.3d [1000,] 1003 [(5th Cir.1995)] ("[T]he court's broad discretion in awarding and denying fees paid in connection with bankruptcy proceedings empowers the bankruptcy court to ***order disgorgement as a sanction to debtor's counsel for nondisclosure***."); *In re Arlan's Dept. Stores, Inc.,* 615 F.2d 925, 937-38 (2d Cir.1979) (finding no abuse of discretion in court's order of ***disgorgement of all fees where counsel failed to divulge all connection with debtor and failed to disclose all fees***); *cf., Woods v. City Nat'l Bank & Trust*

Law Office of Thomas K. Bourke
Los Angeles

-10-

Law Office of Thomas K. Bourke
Los Angeles

*Co.*, 312 U.S. 262, 268 . . . (1941) (using ***denial of compensation as a tool*** for strict enforcement of conflict-of-interest rules).

*In re Chez*, 441 B.R. 724, 727 (Bankr. D.Conn. 2010), ordered disgorgement in a Chapter 7 case and involved a debtor and debtor attorney also making the *identical* misstatement as made by Mia Jeong and Dheeraj Singhal:

"By agreement with the debtor(s), the above-disclosed fee does not include the following service:

**"Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**"  (Yellow emphasis added, bold in original.)

And it is not just the date and amounts of fee payments and agreements, that need by disclosed, but also the source of payment:

**"2. Section 329 of the Bankruptcy Code and Bankruptcy Rule 2016: Fulsome Disclosure is Required.**

"Section 329(a) of the Bankruptcy Code and Bankruptcy Rule 2016 require complete and fulsome disclosure to the bankruptcy court and parties in interest of the amounts paid to a debtor's attorney, ***including the source of such amounts.***  These provisions apply to every attorney employed by every debtor in every chapter, regardless of the purpose for which the attorney is retained, and notwithstanding the fact that an attorney will not be seeking formal employment by, nor compensation from, the bankruptcy estate." *In re Fair*, 2016 WL 3027264, at *12-13

Law Office of Thomas K. Bourke
Los Angeles

1    (Bankr. N.D.Tex. May 18, 2016) (bold emphasis in original,

2    yellow emphasis added).

3

4    **C.**   **Courts can award dislodgement of fees,**

5         **including *discretion as to whom the fees are***

6         ***disgorged.***

7    *Fair* also stated at *13 that" "The failure to disclose is a breach of

8    the duty of candor to the tribunal.  It implicates Bankruptcy Rule 9011."

9    *Fair* ordered Bankruptcy Counsel remedial Rule 2016 statements.

10    *Fair* also ordered "Bankruptcy Counsel . . . to disgorge the entire

11    amount of attorney's fees received from New Start Auto in the amount

12    of *$77,175* and that [the individual lawyers] shall jointly and severally

13    be obligated to pay over the funds to the registry of the United States

14    Bankruptcy Court of the Northern District of Texas within fifteen (15)

15    business days of the entry of this order," since "it is clear that H & W

16    Law Firm was ***not candid with the court***."  *Id*. at *19.

17    *Fair* reasoned that putting the disgorged fees paid into the

18    Registry of the Bankruptcy Court allowed them to be held pending any

19    fee application requests of the Trustee "or United States Trustee—to

20    reimburse them for their time and expense in having to address the

21    matters raised herein, " or possibly for distribution to a charity for legal

22    aid to indigents.  *Id*. at 14, 21 (finding that disgorging the fees to the

23    Debtors would be "unpalatable.")

24    "The disclosure rules impose upon attorneys an independent

25    responsibility. Thus, failure to comply with the disclosure rules is a

26    sanctionable violation, even if proper disclosure would have shown that

27    the attorney had not actually violated any Bankruptcy Code provision or

28    any Bankruptcy Rule. [*In re Film Ventures Int'l, Inc.,* 75 B.R. 250, 252

-12-

1   (9th Cir. BAP 1987)].” *In re Jore Corp.*, 298 B.R. 703, 725 (Bankr. D.

2   Mont. 2003) (The disclosure rules are applied literally, even if the

3   results are sometimes harsh.).

4     The bankruptcy court may also impose sanctions under its

5   “inherent authority” for abuse of the judicial process, upon a showing

6   and finding of bad faith. *Pennwalt Corp. v. Durand-Wayland, Inc.,* 708

7   F.2d 492, 494 (9th Cir. 1983); *In re Exxon Valdez,* 142 F.R.D. 380, 385

8   (D.D.C. 1992) (citing *Pennwalt*).

9

10  **IV. Conclusion.**

11    For these reasons, the Court should order disclosure of the full

12  details of all payments and agreements to pay legal fees, including all

13  fee agreements, emails about fees, dates and amounts of payments, and

14  the sources of all payments.

15    As a sanction, this Court should order disgorgement of all fees not

16  yet disclosed to the Registry of the Court for possible distribution to the

17  Trustee, the U.S. Trustee, the Court itself, back to the people making

18  the payments, or to Thomas K. Bourke.

19

20  Dated: August 9, 2016    Law Office of Thomas K. Bourke

21

22           By: _____/s/_____

23             Thomas K. Bourke

24

25

26

27

28

Adversary Plaintiff Bourke's motion to compel disclosure and disgorgement of fees

Law Office of Thomas K. Bourke
Los Angeles

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### Declaration of Thomas K. Bourke

1.    I am the attorney of record myself in this case.

2.    On June 19, 2013, Mia Jeong and Dheeraj Singhal of the DCDM Law Group, PC, represented in Mia Jeong's Voluntary Petition under Chapter 7, signed under oath she and Dheeraj Singhal filed Form B203-Disclsosure of Compensation of Attorney for Debtorat page 35 of 50 on Pacer, stating that:

"Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b),

"I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

"For legal services, I have agreed to accept          **$ 2,000.00**

"Prior to the filing of this statement I have received $ **2,000.00**

"Balance Due                                        $ **0.00**

"2.  The source of the compensation paid to me was:

■ Debtor  □ Other (specify):

"3.  The source of compensation to be paid to me is:

■ Debtor  □ Other (specify):

"4. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm. . . .

"5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

"a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

"b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;

"c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

"d. [Other provisions as needed]

> **"Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

"6. By agreement with the debtor(s), the above-disclosed fee does not include the following services

> **"Representation of the debtors in any dischargeability actions**, judicial lien avoidances, relief from stay actions or **any other adversary proceeding.**

**"CERTIFICATION**

"I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**"*Date* June 19, 2013**

Law Office of Thomas K. Bourke
Los Angeles

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

"*Signature of "Attorney* **/s/ Dheeraj K. Singhal,** "**Dheeraj K. Singhal,**

*"Name of Law Firm,* **DCDM Law Group, PC, 30 No. Raymond Ave., Suite 801, Pasadena, CA 91103.  (626) 689-2407  Fax: (626) 689-2205"** (Emphasis in bold in original, in yellow added.)

3.      I attach a copy of that page of the Petition as **Exhibit 1.**

4.      In the three years since the filing of the Petition, I have witnessed Dheeraj Singhal and his associated attorneys at DCDM Law Group LP represent Mia Jeong in my adversary action under Section 523 and 727.

5.      They attended hearings, status conferences, and negotiated with me over the terms of the Pretrial Stipulation and Proposed Pretrial Order.

6.      During all that time, they were clearly acting beyond the disclosed services, which went far beyond the services for the disclosed $2,000 fee in the Petition—which disclaimed any "Representation of the debtors in any dischargeability actions, judicial lien avoidance, relief from stay actions or any other adversary proceeding."

7.      I have also seen that he has signed and filed Notices of Bankruptcy in other litigation (such as the one filed within a month of bankruptcy in my client Tadeh Keshmeshian's then pending motion for an order to sell Roscomare Drive, an unsecured creditor that Mia Jeong did not disclose and a pending suit by him that she did not disclose.

8.      During our pretrial order negotiations this Spring, Mr. Dheeraj admitted to me that the fees had had been paid already amounted to six or seven times the $2,000 fee and that he had been paid the additional fees by Mia Jeong and her in-laws.

9.      After three years of litigation with no Dheeraj Singhal

Law Office of Thomas K. Bourke

Los Angeles

disclosures of his post-petition fees or sources of payment, I emailed my two attached May 2016 emails and the attached Form to Dheeraj Singhal and his email responding to me on the subject as **Exhibit 2**.

10.    These emails followed several conversations that I had with him demanding that he update the disclosures as to fees, and the source of payments.

11.    One of my emails attached F-2016-1.4ATTY.COMP.DISCLSR form, adopted for use in the United States Bankruptcy Court of the Central District of California in December 2015, which makes it clear that details of post-petition fee agreements and payments must be disclosed in Chapter 7 cases, including any limitations on scope of services, and calls for sworn affirmations by both the Debtor and Debtor's attorney:

"2.    ==Postpetition Compensation Arrangement==.  Pursuant to 11 U.S.C. § 329(a) and FRBP 2016(b), I disclose that I am the attorney for the Debtor and that compensation was paid to me ==after the petition was filed==, and/or was agreed postpetition to be paid to me, for services rendered or to be rendered on behalf of the Debtor in connection with this case:

"For legal services, I agreed postpetition to accept: ☐

hourly rate $ ____ or ☐ flat fee $ _____

Amount I received postpetition, if any: $ _____

Balance due ......................................... $ _____

"3.    Date of Payment: The postpetition compensation was paid to me, and/or the postpetition compensation agreement was entered into, on (date): _____

"4.    Source of Postpetition Compensation.

a.    **Already Paid**. The source(s) of the compensation paid to me postpetition was:

☐ Debtor   ☐ Other (specify):

b. To be Paid. The source(s) of the compensation agreed postpetition to be paid to me is:

☐ Debtor   ☐ Other (specify): ….

"6.   Chapter 7 Cases Only. In chapter 7 bankruptcy cases, a limited scope of appearance is permitted under LBR 2090-1(a)(3), unless otherwise required by the presiding judge.  I have been retained by the Debtor for purposes of a limited appearance.  In return for the compensation disclosed above, I have agreed to provide the following legal services:

a. ☐ Any proceeding related to stay motions under 11 U.S.C. § 362.

b. ☐ Any proceeding involving an objection to the Debtor's discharge pursuant to 11 U.S.C. § 727.

c. ☐ Any proceeding to determine whether a specific debt is nondischargeable under 11 U.S.C. § 523.

d. ☐ Reaffirmation of a debt.

e. ☐ Any lien avoidance under 11 U.S.C. § 522(f).

f. ☐ Adversary proceedings (other than those brought under 11 U.S.C. §§ 523 and 727) and other contested bankruptcy matters.

g. ☐ Other provisions as needed *(specify):*"

12.   The form provides for this Declaration for the Debtor's counsel and the Debtor so sign, and despite me emailing the form to

Law Office of Thomas K. Bourke
Los Angeles

Dheeraj Singhal, he and Mia Jeong did not sign the Declarations:

### "DECLARATION OF ATTORNEY FOR THE DEBTOR

"I declare under penalty of perjury that the foregoing, together with any prior compensation disclosures filed by the undersigned, constitutes a complete statement of any agreement or arrangement for payment to me for representation of the Debtor in this bankruptcy case and all amounts received in respect of such representation.

### "DECLARATION OF THE DEBTOR

"*(To be completed only if the* attorney's *representation is in chapter 7 and of limited scope.)*

"I/we declare under penalty of perjury that my attorney has explained to me/us the limited scope of representation as outlined above.  I/we understand that I/we have paid or agreed to pay solely for the required services listed in paragraph 6, and that I/we am representing myself/ourselves for any other proceedings, unless a new agreement is reached with an attorney."  (Italics in original, yellow emphasis added.)

13.    The U.S. Trustee *requires* that all post-petition retainers be disclosed to it and the 20 largest unsecured creditors—which Dheeraj Singhal did not do.[2]  My clients include many of the 20 largest

_____

[2]  United States Trustee, Central District of California, Guide to Applications For Retainers, and Professional And Insider Compensation ("Compensation Guide")(April 2008) https://www.justice.gov/sites/default/files/ust-regions/legacy/2011/07/13/ch11_guide_insider_compensation.pdf

Law Office of Thomas K. Bourke
Los Angeles

unsecured creditors, and Mr. Singhal did not notify me or my clients.

14.    In sum, despite the law and my requests for amended disclosures compensation, Mr. Singhal has willfully failed to supplement his disclosures on compensation.

15.    Mr. Singhal is not an inexperienced lawyer, his DCDM Law Group, PC website at http://www.dcdmlawgroup.com/dheeraj-k-singhal-esq/ states that he is a University of California Davis School of Law graduate with 12 years' experience and "has a wide practice base that not only ***included bankruptcy and insolvency law***, it spanned from commercial litigation to corporate transactional matters."  (Emphasis added.)

16.    It also says that "Within the realm of insolvency law, ***he and his team of experienced professionals handle a wide range of Chapter 7***, 11 and 13 ***bankruptcy proceedings***—for both corporations and individuals."  (Emphasis added.)

17.    As to Chapter 7, his website brags:  "Filing for Chapter 7 in California requires the assistance of an ***experienced bankruptcy attorney.  Our local expert lawyers*** will help you review your financial situation, assess your debts, and explore your options.  If you decide, along with your attorney, that Chapter 7 is the right option for you, ***we'll take care of all of the paperwork and required legal filings***."  (Emphasis added.) His associate Dixon Gardner is said to have "***significant experience in business and consumer bankruptc***y, ***debtor/creditor litigation***, civil litigation, transactions, tax controversies, and estate planning."  (Emphasis added.)  Dheeraj Singhal's Linked-in biography says "***I am an experienced bankruptcy lawyer*** . . . On the consumer side of bankruptcy, ***my clients usually file bankruptcy to eliminate their debts under Chapter 7***, or to reorganize their financial affairs under Chapter 11 or 13," that he got

-7-

Law Office of Thomas K. Bourke
Los Angeles

his start with five years at Squire, Sanders & Dempsey, and that nine people endorsing him for Chapter 7. His biography at http://www.handelonthelaw.com/lawyers/lawyer_details.aspx?Profile=0LeBZ90aIkE%3D&firmLocationId=bV5cEotoByA%3D, says that he graduated from U.S. Davis in 2001 (15 years ago) and that  "Our law firm focuses almost exclusively on bankruptcy law . . . . ***Count on a bankruptcy specialist*** at DCDM Law Group to handle your matters" and that Dheeraj Singhal "***Regularly attend[s] continu[ing] legal education programs on Bankruptcy—Frequent speaker on Bankruptcy topics*** to attorneys and other legal professionals . . . . Dheeraj K. Singhal . . . is ***a savvy bankruptcy lawyer***. . . ."

I declare under penalty of perjury under the laws of the United States and of California that the foregoing is true and correct.  Executed on August 9, 2016, at Los Angeles, California.

_____/s/_____
Thomas K. Bourke

Adversary Plaintiff Bourke's motion to compel disclosure and disgorgement of fees

# EXHIBIT 1

# EXHIBIT 1

Form B203 - Disclosure of Compensation of Attorney for Debtor - (1/88)                    1998 USBC, Central District of California

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re | Case No.: |
|---|---|
| **Mia Jeong** | |
| Debtor. | **DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR** |

1.    Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

|  |  |  |
|---|---|---|
| For legal services, I have agreed to accept | $ | 2,000.00 |
| Prior to the filing of this statement I have received | $ | 2,000.00 |
| Balance Due | $ | 0.00 |

2.    The source of the compensation paid to me was:

      ■ Debtor     □ Other (specify):

3.    The source of compensation to be paid to me is:

      ■ Debtor     □ Other (specify):

4.    ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

      □ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.    In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
    a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d. [Other provisions as needed]
        **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

6.    By agreement with the debtor(s), the above-disclosed fee does not include the following services
      **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| | |
|---|---|
| June 19, 2013 | /s/ Dheeraj K. Singhal |
| _Date_ | **Dheeraj K. Singhal** |
| | _Signature of Attorney_ |
| | **DCDM Law Group, PC** |
| | _Name of Law Firm_ |
| | **30 No. Raymond Ave., Suite 801** |
| | **Pasadena, CA 91103** |
| | **(626) 689-2407  Fax: (626) 689-2205** |

# EXHIBIT 2

# EXHIBIT 2

From: TallTom2@aol.com
To: dksinghal@dcdmlawgroup.com
Sent: 5/11/2016 11:33:43 A.M. Pacific Daylight Time
Subj: Re: Dheeraj, looks like section 329 applies to Chapter 11 on pain of disgorge...

Dheeraj,

I think we can both learn from each other here.  I looked up "jurat" and you are right about that.  And you were right about the divorce being effective without relief from stay, except for any property divisions.

But on this one you are wrong.

I attach Central District Form F 2016-1.4.Atty.comp.disclsr

The Central District Website says about it:

# I. Attorney's Disclosure of Postpetition

## Compensation Arrangement with Debtor

**Form Type:**
Local Bankruptcy Rules Forms
**Form #:**
F 2016-1.4.ATTY.COMP.DISCLSR
**Download Form (pdf version):**
F2016-1.4ATTYCOMPDISCLSR.pdf
**This Form is:**
(NEW)
**Effective Date:**
12/2015

Since it is new, maybe you missed it.  It contemplates disclosure of both 727 and Chapter 7 work.

The press release said:

## II.     New and Revised Local Bankruptcy Rules Forms Effective December 3, 2015

**News Category:**
Public Notice

The Board of Judges for the United States Bankruptcy Court, Central District of California, approved the following new and revised Local Bankruptcy Rules (LBR) forms that become effective December 3, 2015.

FRBP 2016(b) provides that a supplemental statement shall be filed within 14 days after any payment or agreement not previously disclosed.

Law office of Thomas K. Bourke
601 West 5th Street
8th Floor
Los Angeles, CA 90071
(213) 623-1092
(213) 700-3606 (cell)

In a message dated 5/11/2016 8:16:59 A.M. Pacific Daylight Time, dksinghal@dcdmlawgroup.com writes:
Tom,

I have accurately and truthfully disclosed all fees I received "in contemplation of or in connection with" the bankruptcy filing. I don't believe there is any obligation to disclose to anyone other than the US Trustee-- and that's only if they ask--post-petition fees I have received to defend an adversary proceeding. You may wish to read the case a bit closer. In that case, there were payments made to debtor's counsel of $3,500 pre-petition, whereas only $1,000 was disclosed. Then, within 16 days of the petition, another $1,600 was paid to counsel.

If you believe I am required to make a post-petition disclosure of fees paid to defend an adversary proceeding, please let me know your support. The case below does not make that point.

Thanks,

Dheeraj

On Tue, May 10, 2016 at 10:57 PM <TallTom2@aol.com> wrote:

So can you please filed a new statement of your receipts of payments, dates, and sources, and work performed?

286 B.R. 520

United States Bankruptcy Court,

D. Vermont.

# In re Arthur P. LAFERRIERE, Ann M. Laferriere, Debtors.

No. 01–10643.

Nov. 13, 2002.

United States Trustee (UST) filed motion to compel disclosure of fees and to disgorge excessive fees received by Chapter 7 debtors' original bankruptcy counsel. The Bankruptcy Court, Colleen A. Brown, J., held that: (1) debtors' $3,500 retainer fee was paid "in contemplation of" bankruptcy; (2) pre- and postpetition payments made to counsel from the retainer fee were made "in contemplation of" bankruptcy; (3) counsel's work relating to security agreement between debtors and their daughter, unsecured creditor's lawsuits, leasing of debtors' business property, creditor's harassing phone calls, and formulation of Chapter 13 plan was done "in connection with" bankruptcy; (4) because counsel concealed payments received from or on behalf of debtors, the court could examine debtors' payment of the $3,500 retainer fee, even though it occurred more than one year prepetition; (5) an "excusable neglect" standard is inapplicable in determining disclosure violations under the Bankruptcy Code and rules; and (6) counsel failed to present any extraordinary circumstances that justified its failure to fully disclose all payments received from debtors, thus requiring denial of, and disgorgement of, all compensation.

Motion granted.

Thomas K. Bourke
601 West 5th Street
8th Floor
Los Angeles, CA 90071
(213) 700-3606 (cell)
(213) 623-1092 (office)

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - \*\*SELECT DIVISION\*\***

| In re: | CASE NO.: |
|---|---|
| | CHAPTER: |
| | **ATTORNEY'S DISCLOSURE OF POSTPETITION COMPENSATION ARRANGEMENT WITH DEBTOR**<br><br>[11 U.S.C. § 329(a); FRBP 2016(b)] |
| Debtor(s). | |

1. This disclosure is made by the undersigned attorney as counsel for the Debtor:

    ☐    This disclosure is the undersigned's initial compensation disclosure in this case.

    ☐    This disclosure supplements a previously-filed compensation disclosure in this case.

2. **Postpetition Compensation Arrangement**. Pursuant to 11 U.S.C. § 329(a) and FRBP 2016(b), I disclose that I am the attorney for the Debtor and that compensation was paid to me after the petition was filed, and/or was agreed postpetition to be paid to me, for services rendered or to be rendered on behalf of the Debtor in connection with this case.:

    For legal services, I agreed postpetition to accept:
    ☐ hourly rate $_____  or  ☐ flat fee $_____

    Amount I received postpetition, if any: $_____
    Balance due ............................................................................................................... $_____

3. **Date of Payment**: The postpetition compensation was paid to me, and/or the postpetition compensation agreement was entered into, on (*date*): _____.

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                                    Page 1                                    **F 2016-1.4.ATTY.COMP.DISCLSR**

4. **Source of Postpetition Compensation**.

   a. **Already Paid**. The source(s) of the compensation paid to me postpetition was:

      ☐ Debtor     ☐ Other (*specify*):

   b. **To be Paid**. The source(s) of the compensation agreed postpetition to be paid to me is:

      ☐ Debtor     ☐ Other (*specify*):

5. **Sharing of Compensation**.

   ☐ I have not agreed to share the above-disclosed postpetition compensation with any other persons unless they are members or regular associates of my law firm within the meaning of FRBP 9001(10).

   ☐ I have agreed to share the above-disclosed postpetition compensation with other persons who are not members or regular associates of my law firm within the meaning of FRBP 9001(10). A copy of the agreement, together with a list of the names of the people sharing in the postpetition compensation, is attached.

6. ☐ **Chapter 7 Cases Only.** In chapter 7 bankruptcy cases, a limited scope of appearance is permitted under LBR 2090-1(a)(3), unless otherwise required by the presiding judge. I have been retained by the Debtor for purposes of a limited appearance. In return for the compensation disclosed above, I have agreed to provide the following legal services:

   a.  ☐ Any proceeding related to stay motions under 11 U.S.C. § 362.

   b.  ☐ Any proceeding involving an objection to the Debtor's discharge pursuant to 11 U.S.C. § 727.

   c.  ☐ Any proceeding to determine whether a specific debt is nondischargeable under 11 U.S.C. § 523.

   d.  ☐ Reaffirmation of a debt.

   e.  ☐ Any lien avoidance under 11 U.S.C. § 522(f).

   f.  ☐ Adversary proceedings (other than those brought under 11 U.S.C. §§ 523 and 727) and other contested bankruptcy matters.

   g.  ☐ Other provisions as needed (*specify*):

7. ☐ **Cases Other than Chapter 7.** In return for the above-disclosed fee, I have agreed to render legal services for the bankruptcy case, including:

   a.  ☐ Representation of the Debtor in adversary proceedings and other contested bankruptcy matters;

   b.  ☐ Other provisions as needed (*specify*):

8. ☐ **Excluded Services.** By agreement with the Debtor, the compensation disclosed above does not include fees to provide the following services (*specify*):

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2015                    Page 2                   **F 2016-1.4.ATTY.COMP.DISCLSR**

## DECLARATION OF ATTORNEY FOR THE DEBTOR

I declare under penalty of perjury that the foregoing, together with any prior compensation disclosures filed by the undersigned, constitutes a complete statement of any agreement or arrangement for payment to me for representation of the Debtor in this bankruptcy case and all amounts received in respect of such representation.

Date: _____

By: _____
*Signature of attorney for the Debtor*

Name: _____
*Printed name of attorney*

_____
*Printed name of law firm*

## DECLARATION OF THE DEBTOR
*(To be completed only if the attorney's representation is in chapter 7 and of limited scope.)*

I/we declare under penalty of perjury that my attorney has explained to me/us the limited scope of representation as outlined above. I/we understand that I/we have paid or agreed to pay solely for the required services listed in paragraph 6, and that I/we am representing myself/ourselves for any other proceedings, unless a new agreement is reached with an attorney.

Date: _____

Date: _____

_____
*Signature of Debtor 1*

_____
*Signature of Debtor 2 (Joint Debtor)*

_____
*Printed name of Debtor 1*

_____
*Printed name of Debtor 2 (Joint Debtor)*

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                    Page 3                    **F 2016-1.4.ATTY.COMP.DISCLSR**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy of the foregoing document entitled (*specify*): **ATTORNEY'S DISCLOSURE OF POSTPETITION COMPENSATION ARRANGEMENT WITH DEBTOR** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (<u>state method for each person or entity served</u>):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email, as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| _____ | _____ | _____ |
| *Date* | *Printed Name* | *Signature* |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

From: dksinghal@dcdmlawgroup.com
To: TallTom2@aol.com
Sent: 5/11/2016 8:16:59 A.M. Pacific Daylight Time
Subj: Re: Dheeraj, looks like section 329 applies to Chapter 11 on pain of disgorgement.

Tom,

I have accurately and truthfully disclosed all fees I received "in contemplation of or in connection with" the bankruptcy filing. I don't believe there is any obligation to disclose to anyone other than the US Trustee-- and that's only if they ask--post-petition fees I have received to defend an adversary proceeding. You may wish to read the case a bit closer. In that case, there were payments made to debtor's counsel of $3,500 pre-petition, whereas only $1,000 was disclosed. Then, within 16 days of the petition, another $1,600 was paid to counsel.

If you believe I am required to make a post-petition disclosure of fees paid to defend an adversary proceeding, please let me know your support. The case below does not make that point.

Thanks,

Dheeraj

On Tue, May 10, 2016 at 10:57 PM <TallTom2@aol.com> wrote:

So can you please filed a new statement of your receipts of payments, dates, and sources, and work performed?


286 B.R. 520

United States Bankruptcy Court,

D. Vermont.

# In re Arthur P. LAFERRIERE, Ann M. Laferriere, Debtors.

No. 01–10643.

Nov. 13, 2002.

United States Trustee (UST) filed motion to compel disclosure of fees and to disgorge excessive fees received by Chapter 7 debtors' original bankruptcy counsel. The Bankruptcy Court, Colleen A. Brown, J., held that: (1) debtors' $3,500 retainer fee was paid "in contemplation of" bankruptcy; (2) pre- and postpetition payments made to counsel from the retainer fee were made "in contemplation of" bankruptcy; (3) counsel's work relating to security agreement between debtors and their daughter, unsecured creditor's lawsuits, leasing of debtors' business property, creditor's harassing phone calls, and formulation of Chapter 13 plan was done "in connection with" bankruptcy; (4) because counsel concealed payments received from or on behalf of debtors, the court could examine debtors' payment of the $3,500 retainer fee, even though it occurred more than one year prepetition; (5) an "excusable neglect" standard is inapplicable in determining disclosure violations under the Bankruptcy Code and rules; and (6) counsel failed to

present any extraordinary circumstances that justified its failure to fully disclose all payments

received from debtors, thus requiring denial of, and disgorgement of, all compensation.

Motion granted.

Thomas K. Bourke
601 West 5th Street
8th Floor
Los Angeles, CA 90071
(213) 700-3606 (cell)
(213) 623-1092 (office)

No virus found in this message.
Checked by AVG - www.avg.com
Version: 2016.0.7690 / Virus Database: 4627/12752 - Release Date: 08/05/16

From: TallTom2@aol.com
To: dksinghal@dcdmlawgroup.com
Sent: 5/10/2016 10:57:31 P.M. Pacific Daylight Time
Subj: Dheeraj, looks like section 329 applies to Chapter 11 on pain of disgorgement.

So can you please filed a new statement of your receipts of payments, dates, and sources, and work

performed?

286 B.R. 520

United States Bankruptcy Court,

D. Vermont.

## In re Arthur P. LAFERRIERE, Ann M. Laferriere, Debtors.

No. 01–10643.

Nov. 13, 2002.

United States Trustee (UST) filed motion to compel disclosure of fees and to disgorge excessive fees received by Chapter 7 debtors' original bankruptcy counsel. The Bankruptcy Court, Colleen A. Brown, J., held that: (1) debtors' $3,500 retainer fee was paid "in contemplation of" bankruptcy; (2) pre- and postpetition payments made to counsel from the retainer fee were made "in contemplation of" bankruptcy; (3) counsel's work relating to security agreement between debtors and their daughter, unsecured creditor's lawsuits, leasing of debtors' business property, creditor's harassing phone calls, and formulation of Chapter 13 plan was done "in connection with" bankruptcy; (4) because counsel concealed payments received from or on behalf of debtors, the court could examine debtors' payment of the $3,500 retainer fee, even though it occurred more than one year prepetition; (5) an "excusable neglect" standard is inapplicable in determining disclosure violations under the Bankruptcy Code and rules; and (6) counsel failed to present any extraordinary circumstances that justified its failure to fully disclose all payments received from debtors, thus requiring denial of, and disgorgement of, all compensation.
Motion granted.

Thomas K. Bourke
601 West 5th Street
8th Floor
Los Angeles, CA 90071
(213) 700-3606 (cell)
(213) 623-1092 (office)

No virus found in this message.
Checked by AVG - www.avg.com
Version: 2016.0.7690 / Virus Database: 4627/12752 - Release Date: 08/05/16

1

### PROOF OF SERVICE

2        I, the undersigned, certify as follows:  I am over the age of 18 years, employed in the

3 County of Los Angeles, State of California, and not a party to the above entitled cause.  My

4 business address is 601 West 5th Street, 8th Floor, Los Angeles, California 90071.  On August 9,

5 2016, I served a true copy of the

6     **ADVERSARY PLAINTIFF THOMAS K. BOURKE'S NOTICE OF MOTION AND
MOTION TO COMPEL DISCLOSURE AND DISGORGEMENT OF FEES**

7 the original of which is affixed hereto, on the person(s) hereinafter mentioned by:

8

9    X   **Mail.**  Depositing the same:
        X   **First Class Mail.**  In the United States mail at Los Angeles, California,
            **Overnight Mail.**  With Federal Express at Los Angeles, California,

10 in a sealed envelope(s) with first class postage thereon fully prepaid, addressed
(respectively) to the person(s) as set forth below.  I am "readily familiar" with the

11 firm's practice of collection and processing correspondence for mailing.  Under that
practice, it would be deposited with the above carrier on the same day at Los Angeles,

12 California, in the ordinary course of business.
    X   **Email.**  Electronic mail to the person(s) as set forth below.

13           **Facsimile.**  Facsimile transmission to the person(s) as set forth below.  A copy of the
facsimile transmission report is attached hereto.

14           **Personal Service.**  Personal Service on the person(s) hereinafter mentioned by

15 personally delivering the same to the person(s) at the address set forth below, or, in
their absence from said office, by leaving the above described papers with the clerk or

16 with the person in charge of their office; or, if no person was present in the office, by
leaving the above-described papers between the hours of 9:00 a.m. and 5:00 p.m. in a

17 conspicuous place in the office.

18

19 Dheeraj Singhal, Esq.                  Attorney for Defendant, Mia Jeong
DCDM Law Group, PC

20 35 N. Lake Avenue, Suite 280
Pasadena, CA  91101

21 dksinghal@dcdmlawgroup.com

22 Mia Jeong                      Debtor and Adversary Defendant
26626 Campbell Court

23 Stevenson Ranch, CA  91381
goldeneyes24@naver.com

24

25      Executed at Los Angeles, California, on the date hereinabove set forth in this Certificate.

26      I certify under penalty of perjury under the laws of the State of California that the

foregoing is true and correct.

27

28                             *Melane G Carlson*
                              Melane G. Carlson

---

**PROOF OF SERVICE**